## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

___

In re:

Lisa Lou Stevenson-Allen and Matthew Stevenson Allen,

    Debtor(s).

Case No. 25-30934
Chapter 13

***OBJECTION TO CONFIRMATION***

___

TO:    Debtor(s) and Attorney for Debtor(s); Gregory A Burrell, Chapter 13 Trustee; U.S. Trustee; and other parties in interest.

1.  Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto, a secured creditor of Debtor(s), by its undersigned attorney, makes this objection to the confirmation of the proposed plan of the Debtor(s).

2.  This objection is filed pursuant to Fed. R. Bankr. P. 3015(f) and Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto requests this Court to enter an order denying confirmation of Debtor(s)' proposed Chapter 13 plan (the "Plan").  This Court has jurisdiction over this motion pursuant to 28 U.S.C. Sec. 1334(a) and 157(a), 11 U.S.C. §1325 and applicable rules.  This is a core proceeding.

3.  Hearing on confirmation of the Plan is scheduled for **10:30 am** on **Tuesday, June 17, 2025**, before the Honorable Katherine A. Constantine, in Courtroom No. 8 West, 8th Floor, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota  55415, or as soon thereafter as counsel can be heard.

4.  The petition commencing this Chapter 13 case was filed on March 31, 2025 and the case is now pending in this Court.

5.  Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto holds a valid, perfected interest in a 2022 Tesla Model S, vehicle identification number 5YJSA1E51NF487198 (the "Vehicle").

1

6.   Copies of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto's agreement with Debtor(s) (the "Contract") and evidence of perfection of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto's interest in the Vehicle are attached hereto as Exhibits A and B and incorporated herein by reference.

7.   The balance due to Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto as of the petition date totals $67,521.58.  The retail value of the Vehicle is $47,375.00.  Accordingly, the claim of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto should be treated as secured to the extent of $47,375.00.

8.   The Plan, however, provides for (i) Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto's secured claim of $39,637.00 with interest accruing at 10.5%; and (ii) total payment on Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto's secured claim of $51,117.12.

9.   The Plan fails to satisfy Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto's secured claim plus interest utilizing the payments set forth by Debtor(s).

10. The Plan does not comply with the provisions of Chapter 13.

11. The Plan does not provide Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto with adequate protection of its interest in the Vehicle.

12. Movant gives notice that it may, if necessary, call Tamika Chew or another representative of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto to testify at the hearing.

13. Accordingly, the Plan does not meet the confirmation requisites and should be denied.

2

WHEREFORE, Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto respectfully requests this Court

to enter an order denying confirmation of the Debtor(s)' proposed plan and such other further relief as is

just and equitable.


Dated: <u>May 8, 2025</u>                                  STEWART, ZLIMEN & JUNGERS, LTD.

                                        By ____s/ Bradley J. Halberstadt____
                                            Bradley J. Halberstadt (#215296)
                                            Attorneys for Respondent
                                            2860 Patton Road
                                            Roseville, MN  55113
                                            651-366-6380 Ext. 111
                                            E-Mail:  Brad@szjlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                               Case No. 25-30934
                                                                     Chapter 13
Lisa Lou Stevenson-Allen and Matthew Stevenson Allen,

        Debtor(s).

## VERIFICATION

I, Tamika Chew, a Loan Servicing Representative of Wells Fargo Bank, N.A. d/b/a Wells Fargo

Auto declare that the factual allegations made in the document affixed hereto are true and correct to the

best of my knowledge, information and belief.  In addition, this verification is made on my personal

knowledge, sets forth only facts that would be admissible in evidence and I am competent to testify to the

matters stated in such document.

Date: 5-7-2025                         Tamika Chew
                                       Loan Servicing Representative
                                       Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                    Case No.25-30934
                                                                          Chapter 13
Lisa Lou Stevenson-Allen and Matthew Stevenson Allen,
                                                            *MEMORANDUM IN SUPPORT OF*
           Debtor(s).                                       *OBJECTION TO CONFIRMATION*

_____

Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto submits this memorandum of law in support of its

objection to confirmation in the above-entitled matter.

FACTS

Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto holds a valid, perfected interest in a 2022 Tesla

Model S, vehicle identification number 5YJSA1E51NF487198 (the "Vehicle").

The balance due to Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto as of the petition date totals

$67,521.58.  The retail value of the Vehicle is $47,375.00.  Accordingly, the claim of Wells Fargo Bank,

N.A. d/b/a Wells Fargo Auto should be treated as secured to the extent of $47,375.00.

The Plan, however, provides for (i) Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto's secured

claim of $39,637.00 with interest accruing at 10.5%; and (ii) total payment on Wells Fargo Bank, N.A.

d/b/a Wells Fargo Auto's secured claim of $51,117.12.

DISCUSSION

Pursuant to 11 U.S.C. §1325(a)(5), a plan must distribute deferred cash payments equal to the

present value of the secured claim.  *Rake v. Wade*, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993).  In this case,

the Debtor(s) have proposed payments that do not satisfy Wells Fargo Bank, N.A. d/b/a Wells Fargo

Auto's secured claim plus a reasonable interest rate.  Accordingly, the Plan does not meet the

confirmation requisites and should be denied.

1

<u>CONCLUSION</u>

For all of the reasons set forth herein, Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto

respectfully requests that the Court deny confirmation of Debtor(s)' Chapter 13 Plan.


Dated: <u>May 8, 2025</u>                      STEWART, ZLIMEN & JUNGERS, LTD.

                                  By <u>    s/ Bradley J. Halberstadt    </u>
                                     Bradley J. Halberstadt (#215296)
                                     Attorneys for Respondent
                                     2860 Patton Road
                                     Roseville, MN  55113
                                     651-366-6380 Ext. 111
                                     E-Mail:  Brad@szjlaw.com

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                Case No. 25-30934
                                                                      Chapter 13
Lisa Lou Stevenson-Allen and Matthew Stevenson Allen,

                                                      *UNSWORN CERTIFICATE OF SERVICE*

      Debtors.

_____

I, Bradley J. Halberstadt, declare under penalty of perjury that on that on the date set forth below, I served copies of the foregoing **Objection to Confirmation** upon each of the entities named below by electronic transmission or by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid addressed to each of them as follows:

-------------------------------------------------------------------------------------------------------------------

United States Trustee          (Attorney for Debtor(s))          (Trustee)
1015 US Courthouse             Amanda M. Rosback                Gregory A Burrell
300 South 4th Street           Lifeback Law Firm, PA            100 South Fifth Street
Minneapolis, MN  55415         13 -7th Avenue South             Suite 480
                               Saint Cloud, MN 56301            Minneapolis, MN 55402
(Debtor(s) By Mail)
Lisa Lou Stevenson-Allen and
Matthew Stevenson Allen
1568 Belmont Ave. NW
Prior Lake, MN 55379

-------------------------------------------------------------------------------------------------------------------

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May 8, 2025          Signed:   s/ Bradley J. Halberstadt _____

-------------------------------------------------------------------------------------------------------------------

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                              Case No. 25-30934
                                                                          Chapter 13
Lisa Lou Stevenson-Allen and Matthew Stevenson Allen,

     Debtors.

## ORDER DENYING CONFIRMATION

This matter came before this Court for confirmation of the Chapter 13 plan of

reorganization of Debtors.  Based upon all the files and records, the Court makes this Order

pursuant to the Federal Rules of Bankruptcy Procedure.

IT IS HEREBY ORDERED that confirmation of the Chapter 13 plan of Debtors is

denied.

Dated:                                          _____
                                                Katherine A. Constantine
                                                United States Bankruptcy Judge

1007325