UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Lisa Lou Stevenson-Allen,<br>Matthew Stevenson Allen,<br><br>                                       Debtors. | Chapter 13<br><br>Case No.: 25-30934 |

**AGREED ORDER DENYING RELIEF FROM STAY**

This case is before the court on the motion of Wells Fargo Bank, N.A. ("Wells Fargo") for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Pursuant to the agreement of the parties, the debtors are delinquent in the amount of $6,491.57 through the hearing date; said sum includes the November 1, 2025 through January 1, 2026 mortgage payments at $3,138.27 per month and a credit for suspense $2,923.24.

Further, pursuant to the agreement of the parties,

1. The debtors shall pay the sum of $6,491.57 directly to the movant at: **Wells Fargo Home Mortgage, PO Box 14507, Des Moines, IA 50306**, on or before 12:00 P.M. on January 23, 2026.

2. The debtors agrees to pay the regular, monthly, post-petition mortgage payment to Wells Fargo for the month of February 2026 and thereafter.

3. In the event the debtors fails to make any of the above payments as and when due, then Wells Fargo may serve a notice of default on the debtors and their counsel, specifying the events of default.

4. If the debtors fails to fully cure the specified default within ten days after the date on which Wells Fargo through its counsel mails the notice of default, Wells Fargo may obtain relief from stay by filing an affidavit specifying the events of default, the notice given, and the

1

failure of the debtors to cure within the notice period. Wells Fargo is not required to allow the debtors to cure more than one (1) default during the term of this order. The court may enter an order granting Wells Fargo relief from the stay pursuant to an affidavit of default made and filed in accordance with this order without further notice or hearing.

5. The provisions of this order with respect to regular, monthly, installment payments will continue for the life of the plan.

6. The provisions of this order will apply to any successors or assigns of Wells Fargo.

7. In the event of the conversion of this bankruptcy case from chapter 13 to chapter 7, the movant may be entitled to immediate ex parte relief from the automatic stay.

IT IS ORDERED: The motion is denied.

Dated: *January 8, 2026*                                *s/ Katherine A. Constantine*
                                                                          United States Bankruptcy Judge